IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G<small>ONZALO</small> G<small>ARIBAY</small> R<small>OMERO</small>,

    Plaintiff,

vs.                                Case No. 16-2587-JTM

N<small>ANCY</small> A. B<small>ERRYHILL</small>, Acting
Commissioner of Social Security,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Leave (Dkt. 16) which seeks permission to file a request for attorney fees under the Equal Access to Justice Act (EAJA). Generally, an application for fees under the EAJA must be submitted within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The application in the present case was filed until eight days after this window closed. The plaintiff argues that the limitations period should be tolled in light of the circumstances of the case, including an unspecified event affecting a staff employee employed by his attorney.

The EAJA is "a waiver of sovereign immunity and therefore must be strictly construed." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991). The Supreme Court had determined that the "30–day deadline for [EAJA] applications and its

application-content specifications are not properly [termed] jurisdictional." *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The time limitation may be equitably tolled if a claimant can show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 531, 649 (2010). The second prong is established "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 756 (2016) (emphasis in original).

The government, while expressing sympathy for the event affecting the family of a staff member, opposes the motion as untimely because of a lack of specifics. In particular, the government notes the plaintiff supplies no "explanation regarding when or how the circumstances he cites impacted his ability to file his EAJA petition." (Dkt. 18, at 3).

The Tenth Circuit has cautioned that "equitable tolling is appropriate only in rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir.2011) (internal quotation marks omitted). *See also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000) (equitable tolling allowed "only in rare and exceptional circumstances"). The party seeking tolling bears the burden of demonstrating the required elements. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A request for tolling grounded on conclusory allegations is insufficient. *See Lomax v. Davis*, 484 F3d.Appx. 206, 209 (10th Cir. 2012).

Given this high standard, the court cannot grant the motion for leave as presented

2

by the plaintiff. The bare-bones application before the court merely states that no timely application was filed "[d]ue to the press of other matters in litigation and due to a personal tragedy within the family of a staff member of plaintiff's counsel." (Dkt. 16, ¶ 4).

The cited rationales fail to meet either of the prongs set forth by the Supreme Court. The first factor — a general "press of other matters in litigation" — is legally insufficient to toll the limitations period. *See Barnett v. McConald*, 2014 WL 6485669, *1 (Ct.App.Vet.Cl. Nov. 19 2014) (citing *Holland* and finding there was "no basis for tolling" based on conditions including "attorney workload"); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir.2002) (refusing tolling where counsel was "overburdened by a busy docket").

The second factor cited by plaintiff is insufficient as presented. As noted earlier, conclusory allegations will not support equitable tolling, and the plaintiff supplies no information beyond the bare assertion of a "personal tragedy within the family of a staff member." The motion fails to identify the staff member, discuss the work the staff member did in the present action, or explain the how the tragedy prevented a timely application.

To the extent such a showing might impinge on privacy interests, the information could be supplied under seal. Plaintiff has not attempted such a showing or filed any reply in support of its motion.

In the interests of justice, the court will briefly defer ruling on the motion for leave. Any supplementary material in support of the request for tolling shall be submitted no later than June 4, 2018.

IT IS SO ORDERED this 21st day of May, 2018.

                                                        s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE